GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDY ERHARDT

2023 JUN -9 PM 2:08

FILED

BY _____ DEPUTY

Craig A. Knobel
Pro se with assistance of non-retained counsel
510 E Cedar St. #37
Three Forks, MT 59752
406-570-6127
craig.knobel@gmail.com

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| CRAIG ANDREW KNOBEL, | Cause No.: DV-23-568 |
| Plaintiff, | Judge Peter Ohman |
| vs. | |
| WAL-MART INC., WAL-MART CLAIMS SERVICES, INC. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Craig Andrew Knobel, pro se with assistance of non-retained counsel, complains and alleges against defendants Wal-Mart Inc. and Wal-Mart Claims Services, Inc. as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Craig Andrew Knobel is an individual resident of Gallatin County, Montana.

2. Defendant Wal-Mart Inc. is a Delaware for-profit corporation registered to do business in the State of Montana. Wal-Mart Inc.'s registered agent in Montana is CT Corporation System, 3011 American Way, Missoula, MT 59808.

3. Wal-Mart Inc. owns and operates the Wal-Mart store located at 1500 North 7th

Avenue, Bozeman, MT 59715.

4. Wal-Mart Claims Services, Inc. is an Arkansas for-profit corporation registered to do business in the State of Montana. Wal-Mart Claims Services, Inc.'s registered agent in Montana is CT Corporation System, 3011 American Way, Missoula, MT 59808.

5. Wal-Mart Claims Services, Inc. adjusts claims which arise at the Wal-Mart store in Bozeman, Montana.

6. This case arises out of numerous torts that occurred at the Wal-Mart store in Bozeman, Montana, as well as in the administration of the claims associated therewith.

7. This Court has jurisdiction over this action and the parties.

8. Venue is proper in this Court.

## FACTS

9. On June 19, 2021, Mr. Knobel went to the Wal-Mart store on North 7th Avenue in Bozeman, Montana with his minor daughter and suffered several torts at the hands of Wal-Mart.

10. The torts by Wal-Mart described in this complaint are recorded on video. Wal-Mart has the video recording. Law enforcement viewed Wal-Mart's video recording and then arrested the Wal-Mart agent, John Joseph Feuerhelm for crimes committed.

11. The civil torts described herein resulted in the arrest of the Wal-Mart agent and criminal charges against the Wal-Mart agent for assault, purposely or knowingly causing bodily injury to another, and criminal mischief.

12. The Wal-Mart agent pled guilty to both criminal charges and was sentenced.

13. Mr. Knobel and his minor daughter arrived at the Wal-Mart store on a Harley Davidson Sportster motorcycle on June 19, 2021, around 7 p.m. Their purpose was looking at cell phones.

14. Mr. Knobel parked his motorcycle in the same manner and location as he has

done many times in the past, by the main entrance on the north side of the store.

15. After parking, Mr. Knobel and his minor daughter walked into the store and went straight to the electronics section.

16. Upon Mr. Knobel's arrival at the electronics section, a Wal-Mart employee spoke over the store intercom system and asked the owner of the Harley Davidson to move the motorcycle to the designated area.

17. Mr. Knobel decided to go outside and move the motorcycle.

18. Mr. Knobel asked his minor daughter if she wanted to come outside to move the motorcycle or wait inside for a few minutes while Mr. Knobel moved the motorcycle.

19. Mr. Knobel's minor daughter decided to wait inside the store for what was anticipated to be a few short minutes.

20. Soon after the message over the store intercom system, Mr. Knobel arrived at the motorcycle location and began to secure his daughter's helmet to the bike for the short trip from the common motorcycle parking area.

21. Mr. Knobel received a text message from his daughter's mother and sat down to reply. While seated, Mr. Knobel saw a large row of carts with a motorized device moving quickly towards Mr. Knobel and his motorbike.

22. Wal-Mart, through its employee and agent, rammed the shopping carts into Mr. Knobel's Harley Davidson motorcycle.

23. Wal-Mart purposely rammed the long line of heavy shopping carts into the motorcycle, knocking it to the ground, damaging it, and dragging it across the ground. This is confirmed by the video in possession of Wal-Mart and viewed by law enforcement.

24. Mr. Knobel, after fleeing the dangerous situation and upon the stopping of the line of carts, approached the motorcycle and finally noticed a Wal-Mart agent, Mr. Feuerhelm, who

was at the front of the carts. Mr. Feuerhelm was a large man, physically fit and intimidating.

25. Wal-Mart, through its agent and employee Mr. Feuerhelm, began to yell at Mr. Knobel. Mr. Knobel informed Mr. Feuerhelm that he came out to move the motorcycle as soon as he heard the intercom message.

26. Feuerhelm threatened Mr. Knobel and took off his shirt, and then ran towards Mr. Knobel performing a high kick which hit Mr. Knobel in the arm raised in defense of Mr. Knobel's head. The powerful force of the kick sent Mr. Knobel tumbling backwards.

27. Mr. Feuerhelm physically attacked and assaulted Mr. Knobel, using his right leg, foot, and shoe to injure Mr. Knobel.

28. Mr. Feuerhelm kicked Mr. Knobel in the head. Mr. Knobel fell backwards, experiencing pain in the forearm, left shoulder, teeth, head, and neck.

29. Mr. Feuerhelm grabbed Mr. Knobel's daughter's motorcycle helmet and threatened to "bash his face in " while holding the helmet. He further stated he would smash Mr. Knobel's skull.

30. Mr. Feuerhelm then approached Mr. Knobel with the motorcycle helmet in hand and raised in the air, staring at Mr. Knobel directly in the eyes, and then stomped on the front of Mr. Knobel's motorcycle causing further damage.

31. Mr. Knobel then called the police.

32. Mr. Feuerhelm stopped and walked away.

33. At all times relevant, Mr. Feuerhelm was acting within the course and scope of his employment with Wal-Mart and working to achieve the goals and ends of Wal-Mart.

34. Wal-Mart is liable for the actions of Mr. Feuerhelm.

35. Due to Wal-Mart's actions by and through its agent and employee acting within the scope of his employment, Mr. Knobel has suffered severe damage, including but not limited

to property damage, physical harm, physical pain, suffering, emotional distress, loss of consortium, and other actual damages. Wal-Mart caused significant harm to Mr. Knobel's daughter which in turn and for various other reasons directly caused Mr. Knobel to lose parenting time with his daughter as a result of this incident.

36. Wal-Mart has a video recording of the incident.

37. Law enforcement arrived, viewed Wal-Mart's video, and then arrested Mr. Feuerhelm and charged him with crimes.

38. The law enforcement officer's affidavit of probable cause confirms all the above allegations and further confirms that the video recorded the incident. The affidavit states that Mr. Knobel stood back throughout the confrontation and was not assaultive towards the Wal-Mart employee. Law enforcement placed the Wal-Mart employee under arrest.

39. Wal-Mart and Wal-Mart Claims Services, Inc. denied Mr. Knobel's claim and refused to pay Mr. Knobel to compensate for the damage. They still have not even paid for the motorcycle damage.

## COUNT I – NEGLIGENCE

40. Mr. Knobel reasserts all prior paragraphs.

41. Wal-Mart owed a legal duty of care to Mr. Knobel to keep him reasonably safe.

42. Wal-Mart owed legal duties to Mr. Knobel to take reasonable steps to prevent this harm from occurring.

43. Wal-Mart breached its duties to Mr. Knobel by hiring and retaining Mr. Feuerhelm.

44. Wal-Mart breached its duties to Mr. Knobel by not properly training Mr. Feuerhelm and others sufficient to prevent this incident from happening.

45. Wal-Mart breached its duties to Mr. Knobel by taking no action to ensure the

safety of Mr. Knobel.

46. Wal-Mart breached its legal duties to Mr. Knobel by failing to take reasonable steps to manage shopping carts in the area.

47. Wal-Mart breached its legal duties to Mr. Knobel by failing to have security personnel onsite to protect against this type of harm.

48. Wal-Mart breached its legal duties to Mr. Knobel by failing to monitor the parking lot.

49. Wal-Mart breached its legal duties to Mr. Knobel by not having policies in place to prevent the harm from occurring.

50. Wal-Mart's breaches of its duties caused significant harm to Mr. Knobel.

## COUNT II – ASSAULT AND BATTERY

51. Mr. Knobel reasserts all prior paragraphs.

52. The actions alleged above of Mr. Feuerhelm and Wal-Mart constitute assault.

53. The actions alleged above of Mr. Feuerhelm and Wal-Mart constitute battery.

54. Defendants' assault and battery of Mr. Knobel caused damage.

55. Defendants' acts constitute actual malice such that an award of punitive damages is appropriate.

## COUNT III – FALSE IMPRISONMENT

56. Mr. Knobel reasserts all prior paragraphs.

57. The actions alleged above of Mr. Feuerhelm and Wal-Mart constitute false imprisonment.

58. Defendants' false imprisonment of Mr. Knobel caused damage.

59. Defendants' acts constitute actual malice such that an award of punitive damages is appropriate.

## COUNT IV – INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. Mr. Knobel reasserts all prior paragraphs.

61. Severe or serious emotional distress was the reasonably foreseeable consequence of Defendants' acts alleged above.

62. Mr. Knobel suffered severe or serious emotional distress as a result of Defendants' wrongful acts alleged above.

63. Defendants' acts constitute actual malice such that an award of punitive damages is appropriate.

## COUNT V – UTPA

64. Mr. Knobel reasserts all prior claims.

65. Wal-Mart is self-insured and therefore subject to the Unfair Trade Practices Act set forth at Mont. Code Ann. § 33-18-201 *et. seq.*

66. Wal-Mart engaged Wal-Mart Claims Services, Inc. to adjust claims.

67. Wal-Mart Claims Services, Inc., as an insurance claims adjuster, is subject to the Unfair Trade Practices Act set forth at Mont. Code Ann. § 33-18-201 *et. seq.*

68. Wal-Mart and Wal-Mart Claims Services, Inc. violated the UTPA by refusing to pay Mr. Knobel's claim despite clear liability and clear damages.

69. Wal-Mart and Wal-Mart Claims Services, Inc. violated the UTPA by failing to communicate with Mr. Knobel regarding his claim.

70. Wal-Mart and Wal-Mart Claims Services, Inc. violated the UTPA by failing to conduct a reasonable investigation.

71. Wal-Mart and Wal-Mart Claims Services, Inc.'s violations of the UTPA caused damage to Mr. Knobel.

## JURY DEMAND

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff Craig Andrew Knobel prays for judgment against Defendants as follows:

A. For judgment against Defendants in an amount to be determined at trial;

B. For an award of punitive damages;

C. For such other and further relief as the court may deem just and equitable.

Dated this 7 day of June, 2023.

By _____
Craig Andrew Knobel